IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRUNO RAMON ALVAREZ-NUNO, | |
| Petitioner, | |
| v. | 2:25-CV-082-Z<br>(2:22-CR-084-Z-BR) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Respondent's Motion to Dismiss the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion") filed by Petitioner Bruno Ramon Alvarez-Nuno ("Alvarez-Nuno"). ECF No. 7. For the reasons stated below, the Motion is **GRANTED** and Alvarez-Nuno's Section 2255 motion is **DISMISSED** with prejudice.

**BACKGROUND**

The record in Alvarez-Nuno's underlying criminal case, No. 2:22-cr-84-Z-BR (the "CR"), reflects the following:

On December 19, 2022, Alvarez-Nuno pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). CR ECF No. 76. On June 6, 2023, the Court sentenced Alvarez-Nuno to 168 months in prison, followed by three years of supervised release. CR ECF No. 123. Judgment was entered on June 7, 2023. CR ECF No. 129. Alvarez-Nuno did not file a direct appeal.

Alvarez-Nuno filed his *pro se* Motion to Vacate on April 4, 2025. ECF No. 1. In the motion, he claims that his attorney was ineffective on a variety of grounds, including failing to properly explain the consequences of his guilty plea and failing to zealously represent him. *Id.* Respondent filed its Motion to Dismiss on May 9, 2025, alleging that Alvarez-Nuno's

motion is untimely and barred by the statute of limitations. ECF No. 7. Alvarez-Nuno did not respond to the motion to dismiss. After a review of the relevant pleadings and law, the Court concludes that Respondent's motion should be granted.

**ANALYSIS**

**A. Statute of Limitations.**

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f). Alvarez-Nuno does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* Section 2255(f)(1). Alvarez-Nuno did not appeal, so for his Section 2255 motion to have been timely under 2255(f)(1), he must have filed his Section 2255 motion no later than June 21, 2024. *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of

the direct appeal process). Alvarez-Nuno filed his Section 2255 motion on April 4, 2025,[1] so it is untimely in the absence of equitable tolling.[2]

### B. Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Alvarez-Nuno has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. Not only did he fail to respond to the motion to dismiss, but he also failed to respond to Question No. 18 on the Section 2255 form, which asked him to address the timeliness of

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's federal habeas corpus petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures." *Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008).

[2] Alvarez-Nuno does not argue actual innocence in his motion.

his motion, other than to acknowledge that the motion is untimely. On this record, Alvarez-Nuno has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Respondent's Motion is **GRANTED** and Alvarez-Nuno's motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED with prejudice** as barred by the one-year statute of limitations. *See* 28 U.S.C. Section 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED**.

July 11, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4